## DIXON v. HOCKADY.

1. FORFEITED LANDS—REDEMPTION.—The right given to the "owner" of any land which has been forfeited for non-payment of taxes, and "to those claiming under or through such owner or others having a legal and equitable interest therein," to redeem, on payment of taxes, costs, and penalties, does not include the son-in-law of the owner. Therefore, where a son-in-law of the owner paid the taxes, &c., on forfeited land, and took deed from the Sinking Fund Commission, the taxes were extinguished and the land restored to the former owner, while the deed executed by the commission was *ultra vires* and void.

2. IMMATERIAL ERROR.—Whether parol evidence was forbidden by the statute of frauds to establish an agreement by the son-in-law to redeem for the benefit of the owner, is an immaterial question, where such testimony has not been considered in the case.

3. DEMURRER—The complaint by the owner, stating her ownership and defendant's possession, and these circumstances *supra* under which the defendant acquired possession, sufficiently states a cause of action.

Before HUDSON, J., Chesterfield, September, 1890.

Action by Mary A. Dixon against G. W. Hockady and others (probably his tenants), for recovery of land, damages for trespass, and other relief. The defendant claimed under the following deed:

Know all men by these presents, that the Commissioners of the Sinking Fund, by virtue of the authority conferred by the acts of the general assembly of the said State, in consideration of the sum of seventy-two dollars and fifty cents, being the full amount of the accumulated taxes, costs, and penalties due and unpaid upon the land hereinafter described, forfeited in the name of M. A. Dixon, paid by G. W. Hockady, in the State aforesaid, have granted, bargained, sold, and released, and by these presents do grant, bargain, sell, and release, unto the said G. W. Hockady, as redeemed lands, all the right, title, and interest and estate of the State of South Carolina in and to the following lands, to wit: Eighteen hundred acres in Cheraw township, of Chesterfield County, and State aforesaid, together with all and singular the rights, members, hereditaments, and appurtenances to the said premises belonging, or in anywise incident or appertaining, to have and to hold all and singular the premises before mentioned unto the said G. W. Hockady, his heirs and assigns forever, as lands redeemed as aforesaid. Witness the hands and seals of the Commissioners of the Sinking Fund the 18th day of January, &c.

*Messrs. Prince & Stevenson*, for appellant.

*Mr. H. H. Newton*, contra.

April 6, 1892.   The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.   Mary A. Dixon, the plaintiff. alleges, for a first cause of action, that she has lawful title to a tract of land described in the complaint as being in Chesterfield County, Cheraw township, and containing 1,800 acres, more or less, and that the defendants are in possession of a part thereof, and unlawfully withhold possession of the same from plaintiff.   And for a second cause of action : (1) Plaintiff is informed and believes that the defendant, G. W. Hockady, claims title to the above mentioned premises from the Commissioners of the Sinking Fund of the State as redeemed land, and that the said defendant redeemed it as an heir of the plaintiff, paying the sum of $72 therefor, in full of the amount of accumulated taxes, costs, and penalties due and unpaid thereon.   (2) That if the said G. W. Hockady, defendant, has a deed from said Sinking Fund, the same has been obtained by the defendant in fraud of the plaintiff's rights ; that the same deed should have been taken in the name of the plaintiff.   (3) That said defendant, Hockady, is the son-in-law of this plaintiff, and undertook for her to redeem the aforesaid land from the Sinking Fund Commissioners, and promised plaintiff that he would do so and take the title in her name.   This he undertook as the agent of this plaintiff, &c.   Wherefore plaintiff demands that the defendant may be adjudged to surrender the possession of said real estate to the plaintiff and make her title to the same, and to pay her damages for the withholding of the same, and for rents and profits, and for timber used and cut and other damages, in the sum of $1,000, and for such other and further relief as may be just, &c.

The defendant, G. W. Hockady. answered, denying each and every allegation of the complaint, except as admitted   And he further says that he has lawful title to the premises described, and holds the conveyance executed to him therefor by the Commissioners of the Sinking Fund, dated January 18, 1887, under and by virtue of the acts of the general assembly, the said land being

forfeited in the name of the plaintiff, and the full amount of the accumulated taxes, costs, and penalties due and unpaid thereon being paid by the defendant with his own moneys, and in his own name and right. (4) That it was never intimated to him, nor by him to any one else, that he was to furnish the money necessary for the redemption of the forfeited lands, and the conveyance be made to any one else than himself, and he denies that he has ever been reimbursed one cent of his outlay, &c. Wherefore he prayed to be hence dismissed with his reasonable costs, and that he may have judgment against the plaintiff for $184.50.[1]

The plaintiff replied to this counter-claim of defendant, denying each and every allegation of the answer respecting the same.

Upon these pleadings the cause came on for trial before his honor, Judge Hudson. Defendant's attorneys made a motion to dismiss the complaint, upon the ground that there was not enough facts "to constitute a cause of action." The motion was overruled, and the judge passed the following order: "Upon hearing the pleadings in this case, it is ordered, that the following issues be submitted to a jury for their verdict, to wit: I. Has the plaintiff title to the lands described in the complaint? II. If so, what amount of damages is she entitled to for the use of, and injury to, the premises? and of which defendant is recovery to be had?

The testimony was then offered, which is in the Brief. When the plaintiff's testimony was closed, defendant moved for a nonsuit, which was refused. The defendant then offered his evidence, including the deed from the Sinking Fund Commission, dated January 18, 1887 (which should be reported in the case). Among other things, the judge instructed the jury, that whatever view they might take as to the value of the rents and profits, Hockady should have credit for the $72, with interest, which he had paid in taxes, penalties, costs, &c. The jury answered in reference to the first interrogatory, "Yes"; and in answer to the second: "We find fifty dollars for the plaintiff against the defendant, G. W. Hockady." Whereupon the judge rendered a decree on the equity side of the court, saying "that the findings of the jury are approved by the court, and adopted as its judgment, upon the

---

[1] For timber cut, &c., by plaintiff on this land.—REPORTER.

issues submitted to them," and pronounced judgment as follows: "It is ordered and adjudged, that the plaintiff is entitled to the possession of the land described in the complaint, and judgment against G. W. Hockady in the sum of fifty dollars and all costs, and that execution issue for the purpose of putting her into full possession of said lands, and for the payment of the said sum of fifty dollars and costs," &c.

From this decree the defendant, Hockady, appeals to this court upon the grounds following: I. Because his honor erred in holding that appellant was not such a party as had a right, under the statute, to redeem the land in dispute. II. Because his honor erred in holding that the alleged contract for this appellant to redeem the land for the plaintiff, respondent, did not come within the statute of frauds, and might be proved by parol. III. Because his honor erred in instructing the jury, that if appellant paid up the taxes and penalties due on said land, and took a deed to himself, the deed was a nullity, and the land immediately revested in plaintiff, the original owner. IV. Because his honor erred in instructing the jury, that if the land had been forfeited, and any one not entitled under the statute to redeem the same, paid up the taxes and penalties due the State on said land, the land reinvested in the original owner without a conveyance by the Sinking Fund Commission. V. Because his honor erred in overruling the motion to dismiss the complaint, because it did not state facts sufficient to constitute a cause of action.

Section 307 (General Statutes), which directs that forfeited lands for non-payment of taxes shall become a charge upon the Sinking Fund Commission, to be sold by them, &c., contains a provision as follows: "*Provided*, That any time before any such sale shall be actually made, the owner of any piece or parcel of such lands, or those claiming under or through such owner, or others having a legal and equitable interest therein, shall have the right to redeem any piece or parcel of the lands so forfeited, by paying in gold, silver, United States treasury notes, or national bank notes, the full amount of all accumulated taxes, costs, and penalties due and unpaid thereon up to the time of such payment," &c. This provision clearly shows, as it seems to us, that the purpose of the act was to secure the taxes due to

the State with as little injury as possible to the real owners of the lands. It was not only humane, but wise, not to allow the proceedings necessary in the collection of taxes to be turned into a subject of speculation by strangers. It is manifest that the law was framed in this view. This case is a good illustration of the wisdom of the limitation, and we think it should be strictly enforced. We agree with the Circuit Judge, that Hockady (a son-in-law) is not one of the favored class. He is certainly not the owner, nor claiming under or through the owner, nor one having a legal and equitable interest therein.

Hockady offered in evidence his deed from the Sinking Fund Commission, which recites that the land was "forfeited" in the name of M. A. Dixon, and as he was not, as we have held, within the class of persons allowed to "redeem," it would seem to follow, that the deed to him in his own right was absolutely without authority. The State was satisfied by the payment of the taxes—the lands were no longer "delinquent"; but the deed made by the agents and officers of the State was *ultra vires* and void—just as if they had made no deed at all. Speaking of the officer appointed by law to make the sale (or deed of redemption), the Supreme Court of the United States say: "The officer can do nothing of himself, and must do all as he is directed by the law." See *Pennington* v. *Cooke*, 15 S. C., 185. We think that upon the payment of the taxes, the title revested in Mrs. Dixon.

One of the exceptions charges error in that the presiding judge erred in holding that the alleged contract for the appellant to redeem the land for the plaintiff, respondent, did not come within the statute of frauds, and must (might) be proved by parol. Fraud was charged, and in our view of the issues we incline to think that there was no error in admitting the testimony. But we need not go into that now, as, according to the view the court takes, the testimony did not affect the case one way or another. "A new trial will not be granted in any civil action on the ground of the improper admission of evidence, unless, in the opinion of the court to which the application is made, some substantial wrong or miscarriage has been thereby occasioned in the trial of the action." 7 Am. & Eng. Encycl. Law, 111. "If improper testimony has been admitted, which

could have had no effect on the verdict, but which was wholly immaterial, the court will not, on that account, grant a new trial." *McCall* v. *Brock*, 5 Strob., 119.

The judge was not in error in refusing to dismiss the complaint, because it did not state facts sufficient to constitute a cause of action.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.